FILED

2014 MAR 19  AM 11: 21

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
RIVERSIDE

BY _____

Floyd Thomas
25898 Coriander Ct.
Moreno Valley, CA 92553
Cadilove2@gmail.com
951-756-5480
No Fax

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

EDCV14 - 00525 FMO (SHx)

|  |  |
|---|---|
| Floyd Thomas<br>　*Plaintiff*<br><br>v.<br><br>DIVERSIFIED CONSULTANTS,<br>INC.<br>　*Defendants* | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**VERIFIED COMPLAINT**

## INTRODUCTION

1. This is an action brought for damages of violations of the Fair Debt Collection Practices Act ("hereinafter FDCPA") 15 U.S.C. § 1692, et seq., and Rosenthal Fair Debt Collection Practice Act, California Civil Code § 1788, et seq. (hereinafter "ROSENTHAL, and Telephone Consumer Protection Act (hereinafter "TCPA"), 47 U.S.C. § 227, et seq.

## PRELIMINARY STATEMENT

2. The FDCPA broadly prohibits unfair or unconscionable collection methods; conduct which is harassing, oppressive or abusive practices by debt collectors; "it also requires debt collectors from using any false, deceptive, or misleading representation or means in

FEE PAID

1    connection with the collection of any debt. FDCPA 15 U.S.C. § 1692, et seq, also

2    ROSENSTHAL mirrors FDCPA.

3.   The TCPA restricts the making of telephone calls to phones and states "It shall be unlawful

     for any person within the United States to initiate any telephone call using an artificial or

     prerecorded voice to deliver a message with the prior express consent of the called party".

     TCPA 47 U.S.C. § 227, et seq.

## JURISDICTION and VENUE

4.   This court has Jurisdiction pursuant to 15 U.S.C. § 1692k (d), 28 U.S.C § 1331, 47 U.S.C §

     227(b)(3) and 28 U.S.C § 1367, any claim under the state law brought by the Plaintiff are

     proper under the doctrine of supplemental jurisdiction.

5.   Venue is proper pursuant to 28 U.S.C. § 1391(b).

6.   The occurrences which give rise to this action occurred in Riverside County, California and

     Plaintiff resides in Riverside County, California.

7.   Venue is proper in the Central District of California

## PARTIES

8.   The Plaintiff in this lawsuit is Floyd Thomas, (hereinafter "Plaintiff" or

     Thomas") who at all times relevant herein was a resident of Riverside County, California.

9.   The Defendant in this lawsuit is Diversified Consultants, Inc. ("DCI" or "Defendant") who

     is an unknown entity with offices at 10550 Deerwood Park BLVD, Suite 309, Jacksonville,

     FL 32256, who transacts business as a debt collector in Riverside County, California.

## STATEMENT OF FACTS

10.  Plaintiff is a natural adult person, is a consumer as defined in 15 U.S.C. §1692a (3), and a

     debtor as defined in Cal. Civil Code § 1788.2(h).

11.  DCI has alleged that Thomas incurred an obligation to pay money arising out of a transaction in

     which the money, property, insurance or services which are the subject of the transaction are

primarily for personal, family or household purposes, and is therefore a "debt" as the term is defined by FDCPA 15 U.S.C. § 1692a(5), Cal. Civil Code § 1788.2(d) and that Thomas is obligated to pay them.

12. DCI are debt collector as defined in 15 U.S.C. §1692a (6) and a collection agency as defined in Civil Code § 1788.2(c).

13. At a time unknown, DCI acquired information regarding an alleged obligation that Plaintiff allegedly incurred.

14. Defendant used instrumentalities of interstate commerce or the mails in a business, the principal purpose of which is the collection of any debt, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due by or to another person or entity.

15. DCI mailed an initial collection notice to Thomas dated on January 17, 2014, with an unknown contact name, making a claim that Thomas owes an alleged obligation. *See* (Plaintiff's Exhibit A).

16. The notice from DCI contained information within it that was false, erroneous and inaccurate; Thomas never had an obligation with DCI.

17. DCI called Plaintiff's cell phone at 951-756-5480 (cell phone) two times, without them having express consent, also with equipment capable of using Automatic Telephone Dialing System (ATDS) on January 20, 2014, further Plaintiff verbally said to DCI not to call him. *See* (Plaintiff's Exhibit B1& 2).

18. Thomas sent a Dispute correspondence demanding validation and cease and desists from any contact by phone to DCI dated on January 21, 2014 via U.S. Postal Service Mail, within the required time, in accordance to FDCPA 15 U.S.C. § 1692g. *See* (Plaintiff's Exhibit C).

19. DCI continued to call Plaintiff's cell phone after verbal and written disputes, thus **continued collection actions.**

20. DCI called Plaintiff's cell phone without having express consent, authorization, calls being a non emergency call, and having equipment capable of using ATDS, eighteen (18) more times, from January 21 2014 to February 5, 2014, thus failing to validate and cease and desist further contact until proper validation is complete, in violation of FDCPA, ROSENTHAL and TCPA. See (Plaintiff's Exhibits D1-12)

21. Thomas sent a second Dispute correspondence, after repeated calls from DCI demanding validation and cease and desist from any and all contact by cell phone to DCI dated on February 6, 2014 by U.S. Postal Service, certified mail no. 70122920000175265665. *See* (Plaintiff's Exhibit E).

22. While DCI's calls to Thomas were annoying, harassing, and oppressive, further study of the Consumer Protection Statues has revealed that the use of ATDS capable equipment, not having express consent to call, non emergency call and blocking the caller ID to cell phones, does in fact constitute violation of the TCPA 47 U.S.C. § 227 et al.

23. The letters Thomas sent to DCI dated on January 21, 2014 and February 6, 2014, specifically requested DCI to cease and desist any and all contact by phone. *See* (Plaintiff's Exhibits C & E).

24. The numerous and repeated calls from DCI, after Thomas multiple demands for validation and to cease and desist any and all call until such time of validation, in which DCI refused to adhere to the laws, constitutes a violation(s) of the FDCPA 15 U.S.C. § 1692c (c), § 1692d(5); § 1692e(2); and 1692g(b).

25. Upon Plaintiff's information and belief DCI's and/or representative(s), employee(s) and/or agent(s) actions of twenty (20) phone calls to his cell phone without express consent or valid/authorized reasons in connection to collection of a non-existent obligation constitute conduct highly offensive to a reasonable person and as a result of DCI's and/or

1   representative, employee and/or agent(s) actions, they willfully violated Plaintiff's civil

2   rights.

3   26.   DCI and/or representative(s), employee(s) and/or agent(s) conduct makes them liable to

4   Plaintiff for damages, statutory damages, punitive damages, costs, and any attorney's fees.

### COUNT I
### VIOLATION OF THE FCDPA 15 U.S.C. § 1692, et seq.
### By DCI

27.   Plaintiff restates and re-alleges herein all previous paragraphs 1-24.

28.   The Plaintiff is a consumer as defined in 15 U.S.C. § 1692a (3).

29.   Defendant are debt collectors as defined in 15 U.S.C. § 1692a (6).

30.   DCI blatantly violated FDCPA after initiating first communication on January 2014 to
Thomas, in connection with the collection of an alleged debt.

31.   DCI violated 15 U.S.C § 1692c(c), after multiple calls, in excess of twenty (20) times  from
January 20, 2014 to February 5, 2014, to Thomas' cell phone, continuing collection actions,
after receiving a cease any and all calls letter from Thomas dated January 21, 2014 and
February 5, 2014.

32.   DCI received validation notice within the 30 days as required and received multiple
disputes, verbal and written from Plaintiff, thus they continued collection actions and failed
to cease and desist calls until they properly validated, in violation of 15 U.S.C § 1692g(b).

33.   DCI by reporting an "alleged" debt as a "debt collector" to a consumer reporting agency
generating "communication" in connection with the collection of a debt which they knew
were incorrect, in violation of 15 U.S.C § 1692e(8).

34.   DCI violated 15 U.S.C § 1692e(2), by making false, deceptive, or misleading
representation during each call, in effort of collecting a non-existing debt, in excess of
twenty (20) times, as to the character, amount or legal status of an alleged debt, after
receiving multiple timely disputes, verbal and written from Thomas.

35.  DCI violated 15 U.S.C § 1692d(5), by refusing to respond to Thomas's timely demand for validation and disputes notices, yet they chose to harassed, abused and oppressed him with numerous collection calls repeatedly, and failed to cease after verbal and written communication from him.

36.  Defendant violated 15 U.S.C § 1692e (10) by use of false and deceptive means to collect or attempt to collect a nonexistent alleged debt or obtain information concerning a consumer.

37.  Thomas has never had any business relationship with DCI or any person's named by them, yet they harassed him in excess of twenty (20) times by making unsubstantiated calls.

38.  Due to the repeated and continuing violation of the FDCPA, Plaintiff is entitled to actual and statutory damages under 15 U.S.C § 1692(k).

   **WHEREFORE,** Plaintiff demands judgment for $1000.00 damages against DCI for statutory, any attorney's fees and cost, pursuant to 15 U.S.C. § 1692(k).

### COUNT II
### VIOLATION OF THE ROSENTHAL CAL. CIVIL CODE § 1788, et seq.
### By DCI

39.  Plaintiff restates and re-alleges herein all previous paragraphs 1-24.

40.  Pursuant to § 1788.2(C) the Defendant are debt collectors, a person who in the ordinary course of business, regularly, on behalf of himself, herself or others, engages in debt collection.

41.  Defendant are subject to the Rosenthal Fair Debt Collection Act Cal. Civil Code § 1788, et seq.

42.  The Plaintiff is a consumer as defined in 15 U.S.C. § 1692a (3).

43.  Defendant are debt collectors as defined in 15 U.S.C. § 1692a (6).

44.  DCI blatantly failed and violated FDCPA after initiating first communication on January 2014 to Thomas, in connection with the collection of an alleged debt.

45. DCI violated 15 U.S.C § 1692c(c), after multiple calls, in excess of twenty (20) times from January 20, 2014 to February 5, 2014 to Thomas' cell phone, continuing collection actions, after receiving a cease any and all calls letter from Thomas dated January 21, 2014 and February 5, 2014.

46. DCI received validation notice within the 30 days as required and received multiple disputes, verbal and written from Plaintiff, thus they continued collection actions and failed to cease and desist calls until they properly validated, in violation of 15 U.S.C § 1692g(b).

47. DCI by reporting an "alleged" debt as a "debt collector" to a consumer reporting agency generating "communication" in connection with the collection of a debt which they knew were incorrect, in violation of 15 U.S.C § 1692e(8).

48. DCI violated 15 U.S.C § 1692e(2), by making false, deceptive, or misleading representation during each call, in effort of collecting a non-existing debt, in excess of twenty (20) times, as to the character, amount or legal status of an alleged debt, after receiving multiple timely disputes, verbal and written from Thomas.

49. DCI violated 15 U.S.C § 1692d(5), by refusing to respond to Thomas's timely demand for validation and disputes notices, yet they chose to harassed, abused and oppressed him with numerous collection calls repeatedly, and failed to cease after verbal and written communication from him.

50. Defendant violated 15 U.S.C § 1692e (10) by use of false and deceptive means to collect or attempt to collect a nonexistent alleged debt or obtain information concerning a consumer.

51. Thomas has never had any business relationship with DCI or any person's named by them, yet they harassed him in excess of twenty (20) times by making unsubstantiated calls.

52. DCI attempted to collect a non-existent alleged debt, in violated of ROSENTHAL 1788.13(l), by any communication by a licensed collection agency to a debtor demanding money unless the claim is actually assigned to the collection agency.

53.   Defendant violated § 1788.17, et seq. of the ROSENTHAL by continuously failing to comply with the statutory regulations contained within the FDCPA, 15 U.S.C. § 1692, et seq.

        **WHEREFORE,** Plaintiff demands judgment against DCI for $1,000.00 statutory damages, any attorney's fees and costs, pursuant to Cal. Civil Code § 1788.30(b).

<u>**COUNT III**</u>
**VIOLATION OF THE TELEPHONE CONSUMER PROTECDTION ACT (TCPA), 47 U.S.C. § 227 BY DEFENDANT DCI**

54.   Plaintiff restates and re-alleges herein all previous paragraphs 1-24.

55.   From January 20, 2014 to February 5, 2014, in excess of twenty (20) calls, DCI used ATDS capable equipment as defined by 47 U.S.C. *§227* (a)(1)(A)&(B), while blocking Caller ID, placed numerous calls to Plaintiff's cell phone without prior express consent and being a non emergency call.

56.   Thomas, on multiple occasions informed DCI verbally and written that he had no business as defined by 47 U.S.C. *§227* (a)(2), and for them to cease any and all calls made by DCI, the calls were a violation of the consumer protection laws and he demanded them to stop and they failed to do so.

57.   DCI in attempt to collect on a non-existent alleged debt, has demonstrated willful and knowing non-compliance of 47 U.S.C. *§227* (b)(1)(B), by initiating in excess of twenty (20) calls, from January 20, 2014 to February 5, 2014, to Plaintiff's cell phone number using an ATDS capable equipment and an artificial or prerecorded voice message after receipt of Plaintiff's initial cease and desist written notice of any and all calls, dated on January 21, 2014.

58.   While the calls from DCI to Thomas were to his cell phone, as contemplated in TCPA, that the use of ATDS capable equipment while blocking the caller ID, does in fact constitute violation of the statute:

a) 47 U.S.C. $\S$ 227(b)(A)  to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice-

    1) **(iii)** to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call;

59. Thomas expressly instructed DCI not to communicate with him by telephone verbally on multiple occasions, also in writing and demand for validation in his letter dated on January 21, 2014; therefore DCI was fully aware they would be in violation of the TCPA by continuing to call to Thomas's cell phone.

60. The Plaintiff and DCI does not have or ever had an established business relationship within the meaning of 47 U.S.C. $\S$ 227et seq.

61. The TCPA provides a private right of action as stated in 47 U.S.C. 227(b)(3), damages of $500.00.

62. Plaintiff is entitled to damages of $1.500.00 per violation pursuant to 47 U.S.C. $\S227$ (b)(3)(B).

    **WHEREFORE,** Plaintiff demands judgment for damages against DCI, for statutory damages of $500.00 or $1,500.00 for willful, and costs, pursuant to 47 U.S.C. $\S227$ (b)(3).

## **DEMAND FOR TRIAL BY JURY**

Plaintiff hereby demands a trial by jury of all issues as triable as matter of law.

Date:  March 19, 2014

_Floyd Thomas_
Floyd Thomas

VERIFICATION

Plaintiff, Floyd Thomas, certify that he has read the pleadings set forth herein, and that to the best of his knowledge, information and belief, formed after reasonable inquiry, believes that he is well grounded in facts and warranted by existing law or a good faith argument for the extension, modification or reversal of existing law, and that they are not interposed for any improper purpose such as or needlessly increase the cost of litigation.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed in the City of Moreno Valley, County of Riverside, and State of California.

DATED: March 19, 2014

_Floyd Thomas_
Floyd Thomas

**Diversified Consultants, Inc.**

866-565-8372

Return Mail Address Only:
P.O. Box 571
Fort Mill, SC 29716-0571
22009705

14 14 00004462
359080

Office Hours:
Monday – Thursday 8:00AM – 9:00PM ET / 8:00AM – 9:00PM PT
Friday 8:00AM – 5:00PM ET / 8:00AM – 5:00PM PT
Saturday 9:00AM – 1:00PM ET / 9:00AM – 1:00PM PT

| Account # ▸ | 44122326 |
|---|---|
| DCI FILE # ▸ | 22009705 |
| **TOTAL CHARGES** ▸ | **$604.50** |

PAY THIS AMOUNT

January 17, 2014

FLOYD THOMAS
25898 CORIANDER CT
MORENO VALLEY, CA 92553-5043

This Notice is to inform you that your account with DIRECTV has been referred to our office for collections. Please contact our office to discuss this very important matter.

Unless you notify this office within 30 days of receiving this notice that you dispute the validity of this debt or any other portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

This is an attempt to collect a debt. Any and all information obtained will be used for that purpose. This communication is from a debt collector. Please turn this notice over for important information on your rights.

Sincerely,

Diversified Consultants, Inc.

PO Box 551268
Jacksonville, FL 32255-1268

In some instances, payments made by phone may have a surcharge of up to $14.00. If you wish to avoid this fee, you may mail your payment.

00114.V1
359080
diversified.wfd

▾ Detach Here ▾        ***Detach Bottom Portion and Return with Payment***        ▾ Detach Here ▾

| CLIENT-NAME ▸ | DIRECTV |
|---|---|
| ACCOUNT NUMBER ▸ | 44122326 |
| TOTAL-PAID ▸ | $0.00 |
| TOTAL CHARGES ▸ | $604.50 |

IF PAYING BY CREDIT CARD, PLEASE FILL OUT BELOW

CARD NUMBER                     EXP. DATE

SIGNATURE

NAME ON CARD                    AMOUNT

CVV/CID (3 Digit Verification Code on Back of Card VISA / MC)   CVV/CID (4 Digit Verification Code on Front of Card American Express)

▾ **Send all Payments To** ▾

FLOYD THOMAS
25898 CORIANDER CT
MORENO VALLEY, CA 92553-5043

DirecTV
PO BOX 78626
Phoenix, AZ 85062-8626

Exhibit A

0000000000010000044122326 9 0028 00060450 00060450 5

11 of 28

Exhibit B 1



Exhibit B2

1 of 13

FLOYD THOMAS                    January 21, 2014
25898 CORIANDER CT.
MORENO VALLEY, CA. 92553

DIVERSIFIED CONSULTANTS, INC.
10550 Deerwood Park Blvd, Suite 309
Jacksonville, FL 32256

To whom it may concern:

I received a collection notice dated on January 17, 2013, by Diversified
Consultants, Inc., as such I never heard of this company before, they never
performed any service for me, nor have I ever done any business with them.
Please be advised that under the Fair Debt Collection Practices Act and TCPA, I
am authorized to demand that you Cease and Desist from any and all calls that may
be to me. Also, please validate any obligation alleged is do and cease collection
activity, until such time as you validate.  **Only** contact me by U.S. Postal service.

Sincerely,

*Floyd Thomas*

Floyd Thomas

Exhibit C

1 of 14



Exhibit D 1

1 of 15

IMAG0161.jpg



Exhibit D2

1 of 16



Exhibit D3



Exhibit D4

1 of 18



Exhibit D5



951-824-5711

- 01/23 (Thu) 8:30 PM
00:00:15

Exhibit D6

1 of 20



Exhibit D7



Exhibit D8

22

IMAG0487.jpg



*Exhibit D9*

Fof 23

IMAG0185.jpg

3/1/2014



Exhibit D10

New story
~?

Time Call

1-20-14 ① 9:59 AM — ☎ 951-572-9513

1-20-14 ② 1:06 PM — ☎ 951 572-9513

1-21-14 ③ 1:37 PM — ✱ 951-530-3364

1-22-14 ④ 3:03 ✱ 951-801-5110

He will keep calling & Mrs Groumet

1-22-14        11:32 AM        ✱ 951-572-9483
1-23-14        2               951-824-6711
1-23-14        3               951-824-6711
1-23-14        7:30            951-824-6711

1-26-14        Tim             951-572-9483
1-27-14        10-11           ✱ 951-530-3364

1-28-14        2:25 pm         ✱ 951 807-5410
1-28-14        6:20 pm         ✱ 951-801-5110
1-29-14        7:10 & 8:19 pm (2)  ✱ 951-824 6701
1-30-14        6:34pm          ✱ 951 572-9453
1-30-14        1:53 p          ✱ 951-572 9453
1-31-14        1:18 pm         951 | 824-7104
2-1-14         1:39 pm         951 | 844-1355
2-3-14         7:14 am         951   844-1358

EXHIBIT 11   #25

2-5-14    1:15pm          951-824-7100

EXHIBIT 12          PG 26

FLOYD THOMAS
25898 CORIANDER CT.
MORENO VALLEY, CA. 92553

February 7, 2014

DIVERSIFIED CONSULTANTS, INC.
10550 Deerwood Park Blvd, Suite 309
Jacksonville, FL 32256

To whom it may concern:

This is my second correspondence to Diversified Consultants, Inc. (DCI). On January 21, 2014, I mailed by U.S. Postal Service a letter requesting DCI to validate an alleged obligation and Cease and Desist from any and all calls, in response to a collection letter dated January 17, 2014 and an automatic telephone call to my cell phone dated January 20, 2014. DCI continued multiple calls to my cell phone (951-756-5480), which were disturbing and a nuisance to me, even after receiving my cease and desist and demand for validation letter. DCI has not validated an alleged obligation they claim I owe, yet they continue with very nuisance calls to my phone.

Please be advised that any contact made by DCI with any 3rd party firm or entity regarding this issue absent compliance of this demand for validation may constitute violation of the FDCPA and the FCR. I do hope that you can understand and that we can settle this matter in an amicable fashion at the earliest possible moment.

Sincerely,

Floyd Thomas

Floyd Thomas

Certified Mail No. 7012 2920 0000 7526 5665

Exhibit E

27



U.S. Postal Service
CERTIFIED MAIL RECEIPT
(Domestic Mail Only; No Insurance Coverage Provided)

| | | |
|---|---|---|
| Postage | $0.00 | |
| Certified Fee | $3.30 | 15 |
| Return Receipt Fee (Endorsement Required) | $0.00 | Postmark Here |
| Restricted Delivery Fee (Endorsement Required) | $0.00 | |
| Total Postage & Fees | $3.79 | 02/06/2014 |

Sent To: Diversified Consultants, Inc.
Street, Apt. No.; or PO Box No.: 10550 Deerwood Park Blvd
STE 309
City, State, ZIP+4: Jacksonville, FL 32256

Exhibit E1

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**I. (a) PLAINTIFFS** ( Check box if you are representing yourself ☐ )

Floyd Thomas

**DEFENDANTS** ( Check box if you are representing yourself ☐ )

Diversified Consultants, Inc.

**(b)** County of Residence of First Listed Plaintiff  Riverside
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*

**(c)** Attorneys *(Firm Name, Address and Telephone Number)* If you are
representing yourself, provide the same information.

Floyd Thomas
25898 Coriander Cr.
Moreno Valley, CA 92553
951-756-5480

Attorneys *(Firm Name, Address and Telephone Number)* If you are
representing yourself, provide the same information.

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☒ 1. U.S. Government Plaintiff
☐ 2. U.S. Government Defendant
☐ 3. Federal Question (U.S. Government Not a Party)
☐ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1. Original Proceeding
☐ 2. Removed from State Court
☐ 3. Remanded from Appellate Court
☐ 4. Reinstated or Reopened
☐ 5. Transferred from Another District (Specify)
☐ 6. Multi-District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** ☐ Yes ☒ No   ☐ **MONEY DEMANDED IN COMPLAINT: $**

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

15 U.S.C sec. 1692 et seq.; Calif. Civil Code sec. 1788 et seq.; TCPA U.S.C sec. 227 et seq.

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☐ 820 Copyrights |
| ☐ 400 State Reapportionment | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 410 Antitrust | ☐ 130 Miller Act | ☐ 290 All Other Real Property |  | ☐ 510 Motions to Vacate Sentence | ☐ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 140 Negotiable Instrument | **TORTS** |  | ☐ 530 General | **SOCIAL SECURITY** |
| ☐ 450 Commerce/ICC Rates/Etc. | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL INJURY** | **TORTS** | ☐ 535 Death Penalty | ☐ 861 HIA (1395ff) |
| ☐ 460 Deportation |  | ☐ 310 Airplane | **PERSONAL PROPERTY** | **Other:** | ☐ 862 Black Lung (923) |
| ☐ 470 Racketeer Influenced & Corrupt Org. | ☐ 151 Medicare Act | ☐ 315 Airplane Product Liability | ☐ 370 Other Fraud | ☐ 540 Mandamus/Other | ☐ 863 DIWC/DIWW (405 (g)) |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 320 Assault, Libel & Slander | ☐ 371 Truth in Lending | ☐ 550 Civil Rights | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV |  | ☐ 330 Fed. Employers' Liability | ☐ 380 Other Personal Property Damage | ☐ 555 Prison Condition | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 340 Marine | ☐ 385 Property Damage Product Liability | ☐ 560 Civil Detainee Conditions of Confinement | **FEDERAL TAX SUITS** |
| ☒ 890 Other Statutory Actions | ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability | **BANKRUPTCY** | **FORFEITURE/PENALTY** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | ☐ 190 Other Contract | ☐ 350 Motor Vehicle | ☐ 422 Appeal 28 USC 158 | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | ☐ 195 Contract Product Liability | ☐ 355 Motor Vehicle Product Liability | ☐ 423 Withdrawal 28 USC 157 | ☐ 690 Other |  |
| ☐ 895 Freedom of Info. Act | ☐ 196 Franchise | ☐ 360 Other Personal Injury | **CIVIL RIGHTS** | **LABOR** |  |
| ☐ 896 Arbitration | **REAL PROPERTY** | ☐ 362 Personal Injury-Med Malpratice | ☐ 440 Other Civil Rights | ☐ 710 Fair Labor Standards Act |  |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | ☐ 210 Land Condemnation | ☐ 365 Personal Injury-Product Liability | ☐ 441 Voting | ☐ 720 Labor/Mgmt. Relations |  |
|  | ☐ 220 Foreclosure | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | ☐ 442 Employment | ☐ 740 Railway Labor Act |  |
| ☐ 950 Constitutionality of State Statutes | ☐ 230 Rent Lease & Ejectment | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 443 Housing/ Accommodations | ☐ 751 Family and Medical Leave Act |  |
|  |  |  | ☐ 445 American with Disabilities-Employment | ☐ 790 Other Labor Litigation |  |
|  |  |  | ☐ 446 American with Disabilities-Other | ☐ 791 Employee Ret. Inc. Security Act |  |
|  |  |  | ☐ 448 Education |  |  |

**FOR OFFICE USE ONLY:**  Case Number:

MAR 19 2014

EDCV 14 - 00525 FMO

CV-71 (11/13)   CIVIL COVER SHEET   Page 1 of 3

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**VIII. VENUE:** Your answers to the questions below will determine the division of the Court to which this case will most likely be initially assigned. This initial assignment is subject to change, in accordance with the Court's General Orders, upon review by the Court of your Complaint or Notice of Removal.

| Question A: Was this case removed from state court?<br><br>☐ Yes ☒ No<br><br>If "no," go to Question B. If "yes," check the box to the right that applies, enter the corresponding division in response to Question D, below, and skip to Section IX. | STATE CASE WAS PENDING IN THE COUNTY OF: | INITIAL DIVISION IN CACD IS: |
|---|---|---|
| | ☐ Los Angeles | Western |
| | ☐ Ventura, Santa Barbara, or San Luis Obispo | Western |
| | ☐ Orange | Southern |
| | ☐ Riverside or San Bernardino | Eastern |

| Question B: Is the United States, or one of its agencies or employees, a party to this action?<br><br>☐ Yes ☒ No<br><br>If "no," go to Question C. If "yes," check the box to the right that applies, enter the corresponding division in response to Question D, below, and skip to Section IX. | If the United States, or one of its agencies or employees, is a party, is it: | | INITIAL DIVISION IN CACD IS: |
|---|---|---|---|
| | A PLAINTIFF?<br>Then check the box below for the county in which the majority of DEFENDANTS reside. | A DEFENDANT?<br>Then check the box below for the county in which the majority of PLAINTIFFS reside. | |
| | ☐ Los Angeles | ☐ Los Angeles | Western |
| | ☐ Ventura, Santa Barbara, or San Luis Obispo | ☐ Ventura, Santa Barbara, or San Luis Obispo | Western |
| | ☐ Orange | ☐ Orange | Southern |
| | ☐ Riverside or San Bernardino | ☐ Riverside or San Bernardino | Eastern |
| | ☐ Other | ☐ Other | Western |

| Question C: Location of plaintiffs, defendants, and claims? (Make only one selection per row) | A.<br>Los Angeles County | B.<br>Ventura, Santa Barbara, or San Luis Obispo Counties | C.<br>Orange County | D.<br>Riverside or San Bernardino Counties | E.<br>Outside the Central District of California | F.<br>Other |
|---|---|---|---|---|---|---|
| Indicate the location in which a majority of plaintiffs reside: | ☐ | ☐ | ☐ | ☒ | ☐ | ☐ |
| Indicate the location in which a majority of defendants reside: | ☐ | ☐ | ☐ | ☐ | ☐ | ☒ |
| Indicate the location in which a majority of claims arose: | ☐ | ☐ | ☐ | ☒ | ☐ | ☐ |

| C.1. Is either of the following true? If so, check the one that applies: | C.2. Is either of the following true? If so, check the one that applies: |
|---|---|
| ☐ 2 or more answers in Column C | ☒ 2 or more answers in Column D |
| ☐ only 1 answer in Column C and no answers in Column D | ☐ only 1 answer in Column D and no answers in Column C |
| Your case will initially be assigned to the<br>SOUTHERN DIVISION.<br>Enter "Southern" in response to Question D, below.<br><br>If none applies, answer question C2 to the right. ➡ | Your case will initially be assigned to the<br>EASTERN DIVISION.<br>Enter "Eastern" in response to Question D, below.<br><br>If none applies, go to the box below. ⬇ |

| Your case will initially be assigned to the<br>WESTERN DIVISION.<br>Enter "Western" in response to Question D below. |
|---|

| Question D: Initial Division? | INITIAL DIVISION IN CACD |
|---|---|
| Enter the initial division determined by Question A, B, or C above: ➡ | |

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**IX(a). IDENTICAL CASES:** Has this action been previously filed **in this court** and dismissed, remanded or closed?   ☒ NO   ☐ YES

If yes, list case number(s): _____

**IX(b). RELATED CASES:** Have any cases been previously filed **in this court** that are related to the present case?   ☒ NO   ☐ YES

If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)   ☐ A. Arise from the same or closely related transactions, happenings, or events; or

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, <u>and</u> one of the factors identified above in a, b or c also is present.

**X. SIGNATURE OF ATTORNEY
(OR SELF-REPRESENTED LITIGANT):**  _Floyd Thomas_        DATE:  _MARCH 19, 2014_

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES JUDGES

This case has been assigned to District Judge _____Fernando M. Olguin_____ and the assigned Magistrate Judge is _____Stephen J. Hillman_____.

The case number on all documents filed with the Court should read as follows:

### EDCV14-00525 FMO (SHx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge.

Clerk, U. S. District Court

_____March 19, 2014_____                    By  L. Murray
Date                                                  Deputy Clerk

---

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

**Subsequent documents must be filed at the following location:**

| [x] Western Division | [ ] Southern Division | [ ] Eastern Division |
|---|---|---|
| 312 N. Spring Street, G-8 | 411 West Fourth St., Ste 1053 | 3470 Twelfth Street, Room 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701 | Riverside, CA 92501 |

**Failure to file at the proper location will result in your documents being returned to you.**

CV-18 (08/13)                    NOTICE OF ASSIGNMENT TO UNITED STATES JUDGES