Issa K. Moe, Bar No. 254998
MOSS & BARNETT, P.A.
4800 Wells Fargo Center
90 South Seventh Street
Minneapolis, Minnesota 55402
(612) 877-5399/FAX (612) 877-5016
MoeI@moss-barnett.com

Attorneys for Defendant
DIVERSIFIED CONSULTANTS, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FLOYD THOMAS,<br><br>      Plaintiff,<br><br>  v.<br><br>DIVERSIFIED CONSULTANTS, INC.,<br><br>      Defendant. | Case No.: 5:14-cv-00525-FMO-SH<br><br>**ANSWER OF DEFENDANT DIVERSIFIED CONSULTANTS, INC.** |

TO THE CLERK OF THE ABOVE-ENTITLED COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

The defendant, Diversified Consultants, Inc. ("Diversified"), as and for its answer to the complaint of the plaintiff, Floyd Thomas ("Plaintiff"), denies each and every allegation contained therein, unless otherwise admitted or qualified herein.

## I.

## RESPONSES TO PLAINTIFF'S ALLEGATIONS

1.  In response to paragraph 1 of Plaintiff's complaint, Diversified admits that Plaintiff purportedly brings this action seeking damages for alleged violations

1. of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), Cal. Civ. Code §1788 *et seq.*, and the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.*, but denies that it violated the FDCPA, RFDCPA, TCPA or any other law in this matter.

2. In response to paragraph 2 of Plaintiff's complaint, Diversified states that the FDCPA and RFDCPA speak for themselves, and denies the allegations therein to the extent, if any, that they mischaracterize or misconstrue either statute.

3. In response to paragraph 3 of Plaintiff's complaint, Diversified states that the TCPA speaks for itself, and denies the allegations therein to the extent, if any, that they mischaracterize or misconstrue the statute.

4. In response to paragraph 4 of Plaintiff's complaint, Diversified admits that the statutes referenced therein confer jurisdiction on this Court, but denies that it violated any law in this matter.

5. Diversified lacks knowledge and information sufficient to either admit or deny the allegations set forth in paragraph 5 of Plaintiff's complaint and, therefore, denies the same.

6. Diversified lacks knowledge and information sufficient to either admit or deny the allegations set forth in paragraph 6 of Plaintiff's complaint and, therefore, denies the same.

7. Diversified lacks knowledge and information sufficient to either admit or deny the allegations set forth in paragraph 7 of Plaintiff's complaint and, therefore, denies the same.

8. In response to paragraph 8 of Plaintiff's complaint, Diversified admits that Floyd Thomas is the named Plaintiff in this lawsuit, but lacks knowledge and information sufficient to either admit or deny the remaining allegations therein and, therefore, denies the same.

9.     In response to paragraph 9 of Plaintiff's complaint, Diversified admits that it has an office at the address identified by Plaintiff, but lacks knowledge and information sufficient to either admit or deny the remaining allegations therein and, therefore, denies the same.

10.     Diversified lacks knowledge and information sufficient to either admit or deny the allegations set forth in paragraph 10 of Plaintiff's complaint and, therefore, denies the same.

11.     In response to paragraph 11 of Plaintiff's complaint, Diversified admits that Plaintiff incurred a financial obligation to DirecTV, which Diversified was retained to collect, but lacks knowledge and information sufficient to either admit or deny the remaining allegations therein and, therefore, denies the same.

12.     In response to paragraph 12 of Plaintiff's complaint, Diversified admits that, at times, it acts as a "debt collector" as defined by the FDCPA and RFDCPA, but lacks knowledge and information sufficient to either admit or deny that it acted as a "debt collector" in this matter and, therefore, denies the same.

13.     In response to paragraph 13 of Plaintiff's complaint, Diversified admits that it received information regarding a financial obligation Plaintiff owed to DirecTV.

14.     In response to paragraph 14 of Plaintiff's complaint, Diversified admits that it attempts to collect financial obligations owed to third parties by telephone and mail.

15.     In response to paragraph 15 of Plaintiff's complaint, Diversified admits that it caused a letter to be sent to Plaintiff on the date alleged in an attempt to collect a financial obligation Plaintiff owed to DirecTV.  Diversified lacks knowledge and information sufficient to either admit or deny the remaining allegations therein and, therefore, denies the same.

16.     Diversified denies the allegations set forth in paragraph 16 of

Plaintiff's complaint.

17. In response to paragraph 17 of Plaintiff's complaint, Diversified admits that it called the telephone number identified therein on the date alleged, but denies that Plaintiff verbally told Diversified not to call him. Diversified lacks knowledge and information sufficient to either admit or deny the remaining allegations therein and, therefore, denies the same.

18. Diversified lacks knowledge and information sufficient to either admit or deny the allegations set forth in paragraph 18 of Plaintiff's complaint and, therefore, denies the same.

19. Diversified denies the allegations set forth in paragraph 19 of Plaintiff's complaint.

20. In response to paragraph 20 of Plaintiff's complaint, Diversified denies that it violated the FDCPA, RFDCPA, TCPA or any other law in this matter. Diversified lacks knowledge and information sufficient to either admit or deny the remaining allegations therein and, therefore, denies the same.

21. Diversified lacks knowledge and information sufficient to either admit or deny the allegations set forth in paragraph 21 of Plaintiff's complaint and, therefore, denies the same.

22. In response to paragraph 22 of Plaintiff's complaint, Diversified denies that its calls to Plaintiff were annoying, harassing, or oppressive, and further denies that it violated the TCPA or any other law in this matter. Diversified lacks knowledge and information sufficient to either admit or deny the remaining allegations therein and, therefore, denies the same.

23. In response to paragraph 23 of Plaintiff's complaint, Diversified states that the letters attached to Plaintiff's complaint speak for themselves, and denies the allegations therein to the extent, if any, that they misstate the contents of those letters.

24. Diversified denies the allegations set forth in paragraph 24 of Plaintiff's complaint.

25. Diversified denies the allegations set forth in paragraph 25 of Plaintiff's complaint.

26. Diversified denies the allegations set forth in paragraph 26 of Plaintiff's complaint.

27. In response to paragraph 27 of Plaintiff's complaint, Diversified restates and realleges paragraphs 1 through 26 of this answer as though set forth fully herein.

28. Diversified lacks knowledge and information sufficient to either admit or deny the allegations set forth in paragraph 28 of Plaintiff's complaint and, therefore, denies the same.

29. In response to paragraph 29 of Plaintiff's complaint, Diversified admits that, at times, it acts as a "debt collector" as defined by the FDCPA, but lacks knowledge and information sufficient to either admit or deny that it acted as a "debt collector" in this matter and, therefore, denies the same.

30. Diversified denies the allegations set forth in paragraph 30 of Plaintiff's complaint.

31. Diversified denies the allegations set forth in paragraph 31 of Plaintiff's complaint.

32. Diversified denies the allegations set forth in paragraph 32 of Plaintiff's complaint.

33. Diversified denies the allegations set forth in paragraph 33 of Plaintiff's complaint.

34. Diversified denies the allegations set forth in paragraph 34 of Plaintiff's complaint.

35. Diversified denies the allegations set forth in paragraph 35 of

Moss & Barnett, P.A.
4800 Wells Fargo Center
90 South Seventh Street
Minneapolis, Minnesota 55402

Plaintiff's complaint.

36. Diversified denies the allegations set forth in paragraph 36 of Plaintiff's complaint.

37. Diversified denies the allegations set forth in paragraph 37 of Plaintiff's complaint.

38. Diversified denies the allegations set forth in paragraph 38 of Plaintiff's complaint.

39. In response to the prayer for relief following paragraph 38 of Plaintiff's complaint, Diversified admits that Plaintiff demands the relief identified therein, but denies that he is entitled to that or any other relief from Diversified because Diversified did not violate any law in this matter.

40. In response to paragraph 39 of Plaintiff's complaint, Diversified restates and realleges paragraphs 1 through 39 of this answer as though set forth fully herein.

41. In response to paragraph 40 of Plaintiff's complaint, Diversified admits that it attempts to collect financial obligations owed to third parties. Diversified further admits that, at times, it acts as a "debt collector" as defined by the RFDCPA, but lacks knowledge and information sufficient to either admit or deny that it acted as a "debt collector" in this matter and, therefore, denies the same.

42. Diversified lacks knowledge and information sufficient to either admit or deny the allegations set forth in paragraph 41 of Plaintiff's complaint and, therefore, denies the same.

43. Diversified lacks knowledge and information sufficient to either admit or deny the allegations set forth in paragraph 42 of Plaintiff's complaint and, therefore, denies the same.

44. In response to paragraph 43 of Plaintiff's complaint, Diversified

admits that, at times, it acts as a "debt collector" as defined by the FDCPA, but lacks knowledge and information sufficient to either admit or deny that it acted as a "debt collector" in this matter and, therefore, denies the same.

45. Diversified denies the allegations set forth in paragraph 44 of Plaintiff's complaint.

46. Diversified denies the allegations set forth in paragraph 45 of Plaintiff's complaint.

47. Diversified denies the allegations set forth in paragraph 46 of Plaintiff's complaint.

48. Diversified denies the allegations set forth in paragraph 47 of Plaintiff's complaint.

49. Diversified denies the allegations set forth in paragraph 48 of Plaintiff's complaint.

50. Diversified denies the allegations set forth in paragraph 49 of Plaintiff's complaint.

51. Diversified denies the allegations set forth in paragraph 50 of Plaintiff's complaint.

52. Diversified denies the allegations set forth in paragraph 51 of Plaintiff's complaint.

53. Diversified denies the allegations set forth in paragraph 52 of Plaintiff's complaint.

54. Diversified denies the allegations set forth in paragraph 53 of Plaintiff's complaint.

55. In response to the prayer for relief following paragraph 53 of Plaintiff's complaint, Diversified admits that Plaintiff demands the relief identified therein, but denies that he is entitled to that or any other relief from Diversified because Diversified did not violate any law in this matter.

56. In response to paragraph 54 of Plaintiff's complaint, Diversified restates and realleges paragraphs 1 through 55 of this answer as though set forth fully herein.

57. Diversified lacks knowledge and information sufficient to either admit or deny the allegations set forth in paragraph 55 of Plaintiff's complaint and, therefore, denies the same.

58. Diversified denies the allegations set forth in paragraph 56 of Plaintiff's complaint.

59. Diversified denies the allegations set forth in paragraph 57 of Plaintiff's complaint.

60. Diversified denies the allegations set forth in paragraph 58 of Plaintiff's complaint, and all of its subparts.

61. Diversified denies the allegations set forth in paragraph 59 of Plaintiff's complaint.

62. Diversified lacks knowledge and information sufficient to either admit or deny the allegations set forth in paragraph 60 of Plaintiff's complaint and, therefore, denies the same.

63. In response to paragraph 61 of Plaintiff's complaint, Diversified states that the TCPA speaks for itself, and denies the allegations therein to the extent, if any, that they mischaracterize or misconstrue the statute.

64. Diversified denies the allegations set forth in paragraph 62 of Plaintiff's complaint.

65. In response to the prayer for relief and demand for trial by jury following paragraph 62 of Plaintiff's complaint, Diversified admits that Plaintiff demands the relief identified therein, but denies that he is entitled to that or any other relief from Diversified because Diversified did not violate any law in this matter.

///

///

## II.

## **AFFIRMATIVE DEFENSES**

### FIRST DEFENSE

Plaintiff's complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Plaintiff has suffered no damages as a result of any acts or omissions of Diversified.

### THIRD DEFENSE

On information and belief, Plaintiff may be contractually obligated to arbitrate any dispute, claim or controversy which arises out of the transaction that is the subject matter of the instant litigation.

### FOURTH DEFENSE

Any violation of law, which Diversified denies, was not intentional and was the result of a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid such error.

### FIFTH DEFENSE

On information and belief, Plaintiff provided consent to be contacted on his cellular telephone, if any such contact was made.

### SIXTH DEFENSE

Diversified may have additional defenses that cannot be articulated due to Plaintiff's failure to particularize Plaintiff's claims, due to the fact that Diversified does not have copies of certain documents bearing on Plaintiff's claims and due to Plaintiff's failure to provide more specific information concerning the nature of the claims for damages and certain costs which Plaintiff alleges that Diversified may be responsible for.  Diversified, therefore, reserves the right to assert additional

defenses upon further particularization of Plaintiff's claims, upon examination of the documents provided, upon discovery of further information concerning the alleged claims for damages and costs, and upon the development of other pertinent information.

## III.

## **PRAYER FOR RELIEF**

WHEREFORE, Diversified prays for an order and judgment of this Court in its favor and against Plaintiff as follows:

1. Dismissing all causes of action against it with prejudice and on the merits; and

2. Awarding it such other and further relief as the Court deems just and equitable.

MOSS & BARNETT, P.A.

Dated: May 19, 2014         By:  **/s/ Issa K. Moe**
                                 ISSA K. MOE
                                 Attorneys for Defendant
                                 DIVERSIFIED CONSULTANTS, INC.

- 10 -

**ANSWER OF DEFENDANT DIVERSIFIED CONSULTANTS, INC.**
Case No.: 5:14-cv-00525-FMO-SH

2496894v2

Issa K. Moe, Bar No. 254998
MOSS & BARNETT, P.A.
4800 Wells Fargo Center
90 South Seventh Street
Minneapolis, Minnesota 55402
612.877.5399/FAX 612.877.5016
MoeI@moss-barnett.com

Attorneys for Defendant
DIVERSIFIED CONSULTANTS, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FLOYD THOMAS<br><br>        Plaintiff,<br><br>    v.<br><br>DIVERSIFIED CONSULTANTS, INC.,<br><br>        Defendant. | Case No.: 5:14-cv-00525-FMO-SH<br><br>**CERTIFICATE OF SERVICE** |

- 1 -

**CERTIFICATE OF SERVICE**

2496883v1

**CERTIFICATE OF SERVICE**

STATE OF MINNESOTA )
)
COUNTY OF HENNEPIN )

I declare that:

I am and was at the time of service of the papers herein, over the age of eighteen (18) years and am not a party to the action. I am employed in the County of Hennepin, Minnesota, and my business address is 4800 Wells Fargo Center, 90 South 7th Street, Minneapolis, Minnesota 55402.

On **May 19, 2014**, I caused to be served the following documents:

**ANSWER OF DEFENDANT DIVERSIFIED CONSULTANTS, INC.**

☒ **BY REGULAR MAIL:** I caused such envelopes to be deposited in the United States mail, at Minneapolis, Minnesota, with postage thereon fully prepaid, individually, addressed to the parties as indicated. I am readily familiar with the firm's practice of collection and processing correspondence in mailing. It is deposited with the United States postal service each day and that practice was followed in the ordinary course of business for the service herein attested to. (Fed. R. Civ. P. 5(b)(2)(B).)

☐ **BY OVERNIGHT SERVICE:** I caused such envelopes to be delivered by Overnight/Express Mail Delivery to the addressee(s) noted in this Certificate of Service.

☐ **BY FACSIMILE TRANSMISSION:** I caused a true copy of the foregoing document(s) to be transmitted (by facsimile # ) to each of the parties mentioned above at the facsimile machine and as last given by that person on any document which he or she has filed in this action and served upon this office.

☐ **BY ELECTRONIC FILING SERVICE:** By electronically filing the foregoing document(s) using the CM/ECF system. Service of an electronically filed document upon a CM/ECF User who has consented to electronic service is deemed complete upon the transmission of the Notice of Electronic Filing ("NEF"). The NEF will be maintained with the original document(s) in our office.

☐ **BY PERSONAL SERVICE:** I served the person(s) listed below by leaving the documents, in an envelope or package clearly labeled to identify the person being served, to be personally served via Metro Legal Services on the parties listed on the service list below at their designated business address.

☐ By personally delivering the copies;

☐ By leaving the copies at the attorney's office;

☐ With a receptionist, or with a person having charge thereof; or

☐ In a conspicuous place in the office between the hours of _____ in the morning and five in the afternoon;

☐ By leaving the copies at the individual's residence, a conspicuous place, between the hours of eight in the morning, and six in the afternoon.

**SEE ATTACHED SERVICE LIST**

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with the United States Postal Service on that same day with postage thereon fully prepaid at Minneapolis, Minnesota, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on May 19, 2014, at Minneapolis, Minnesota.

                                        s/ Andrea P Montan
                                        Andrea P Montan

Service List
FLOYD THOMAS V. DIVERSIFIED CONSULTANTS INC.

| **Floyd Thomas**<br>25898 Coriander Center<br>Moreno Valley, CA 92553 | Pro Se Plaintiff<br><br>T: (951) 756-5480 |
|---|---|

MOSS & BARNETT, P.A.
4800 WELLS FARGO CENTER
90 SOUTH SEVENTH STREET
MINNEAPOLIS, MN 55402

- 4 -

**CERTIFICATE OF SERVICE**

2496883v1