1   Christopher D. Holt, Bar No. 228399
2   KLINEDINST PC
    5 Hutton Centre Drive, Suite 1000
3   Santa Ana, California  92707
    (714) 542-1800/FAX (714) 542-3592
4   cholt@klinedinstlaw.com

5   Issa K. Moe, Bar No. 354998
    MOSS & BARNETT, P.A.
6   4800 Wells Fargo Center
    90 South Seventh Street
7   Minneapolis, Minnesota 55402
    (612) 877-5399/FAX (612) 877-5016
8   MoeI@moss-barnett.com

9   Attorneys for Defendant
    DIVERSIFIED CONSULTANTS, INC.

10              **UNITED STATES DISTRICT COURT**

11             **CENTRAL DISTRICT OF CALIFORNIA**

12

13  FLOYD THOMAS,                          Case No.   5:14-cv-00525-FMO-SH

14              Plaintiff,                 **OPPOSITION OF DEFENDANT
                                           DIVERSIFIED CONSULTANTS, INC.**
15      v.                                 **TO PLAINTIFF'S MOTION FOR
                                           DEFAULT JUDGMENT**
16  DIVERSIFIED CONSULTANTS,
    INC.,                                  Date:        July 10, 2014
17                                         Time:        10:00 A.M.
                Defendant.                 Courtroom:   22 – 5th Floor
18                                         Judge:       Hon. Fernando M. Olguin

19

20

21

22

23

24

25

26

27

28

---

KLINEDINST PC
5 HUTTON CENTRE DRIVE, SUITE 1000
SANTA ANA, CALIFORNIA  92707

TABLE OF CONTENTS

Page

I.    INTRODUCTION ...................................................................................... 1

II.   STATEMENT OF FACTS AND PROCEDURAL HISTORY ...................... 1

      A.   PLAINTIFF'S COMPLAINT AGAINST DIVERSIFIED ................. 1

      B.   ACTIVITY RELATED TO PLAINTIFF'S DIRECTV
           ACCOUNT AND PLAINTIFF'S COMMENCEMENT OF
           THIS ACTION ................................................................................ 2

III.  ARGUMENT ............................................................................................ 4

      A.   PLAINTIFF WILL NOT SUFFER PREJUDICE IF THE
           COURT DENIES HIS MOTION ...................................................... 5

      B.   DIVERSIFIED HAS MERITORIOUS DEFENSES TO
           PLAINTIFF'S CLAIMS AND HIS COMPLAINT, AND HAS
           ANSWERED, THEREBY PLACING MATERIAL FACTS IN
           DISPUTE ........................................................................................ 5

      C.   THE SUM OF MONEY AT STAKE IS SIGNIFICANT ................... 7

      D.   THE DEFAULT WAS DUE TO EXCUSABLE NEGLECT ............. 8

      E.   THERE IS A STRONG POLICY FAVORING DECISIONS
           ON THE MERITS .......................................................................... 10

IV.   CONCLUSION ........................................................................................ 10

KLINEDINST PC
5 HUTTON CENTRE DRIVE, SUITE 1000
SANTA ANA, CALIFORNIA  92707

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Eitel v. McCool*
782 F.2d 1470 (9th Cir. 1986).................................................................4, 5, 7, 10

*Hamilton v. US Bank,  N.A.*
2011 WL 3475442,  (S.D. Cal. Aug. 8, 2011) ................................................4

*Hawaii Carpenters' Trust Funds v. Stone*
794 F.2d 508 (9th Cir. 1986)...........................................................................6

*Marty v. Green*
2011 WL 320303, (E.D. Cal. Jan. 28, 2011) ...................................................4

*Norman v. Small*
2010 WL 5173683, (S.D. Cal. Dec. 14, 2010)................................................4

*Pena v. Seguros La Comercial, S.A.*
770 F.2d 811 (9th Cir.1985)............................................................................5

*Philip Morris USA, Inc. v. Castworld Products, Inc.*
219 F.R.D. 494 (C.D. Cal. 2003) .................................................................5, 7

*Symantec Corp. v. Global Impact, Inc.*
559 F.3d 922 (9th Cir. 2009)...........................................................................4

*TCI Group Life Ins. Plan v. Knoebber*
244 F.3d 691 (9th Cir. 2001) ..........................................................................8

*United States v. Boyce*
148 F.Supp.2d 1069 (S.D. Cal. 2001) .............................................................4

*United States v. Signed Pers. Check No. 730 of Yubran S. Mesle*
615 F.3d 1085 (9th Cir. 2010)..........................................................................8

*VonGrabe v. Sprint PCS*
312 F.Supp.2d 1313 (S.D.Cal.2004) ...............................................................5

**Statutes**

15 U.S.C. § 1692c(c) .........................................................................................7

15 U.S.C. § 1692g(b).........................................................................................7

15 U.S.C. § 1692k(c).........................................................................................7

47 U.S.C. § 227(b)(1)(A)...................................................................................6

Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.*...................................1

FCC Declaratory Ruling in re Rules and Regulations Implementing the
   Telephone Consumer Protection Act of 1991, FCC 07-232 (Dec. 28,
   2007; released Jan. 4, 2008) .......................................................................... 6

Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §1788 *et seq*. ........... 1

Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq*. ................................. 1

**Rules**

Fed. R. Civ. P. 55(a)-(b) ............................................................................................. 4

KLINEDINST PC
5 HUTTON CENTRE DRIVE, SUITE 1000
SANTA ANA, CALIFORNIA  92707

The defendant, Diversified Consultants, Inc. ("Diversified"), respectfully submits this opposition to the motion for default judgment filed by the plaintiff, Floyd Thomas ("Plaintiff"), in this action.

## I.   INTRODUCTION

The Court should deny Plaintiff's motion for a default judgment. Diversified's delay in answering the complaint was due to excusable neglect, not culpable conduct. Diversified made a good-faith mistake in its processing of a notice it received from Plaintiff of a "proposed" lawsuit. This resulted in confusion regarding service of the actual complaint on Diversified's registered agent several weeks later. Further, Diversified has substantial, meritorious defenses to Plaintiff's claims. As such, this case should be resolved on the merits, rather than on the basis of a procedural default. Finally, Plaintiff will not be prejudiced if his motion is denied. Diversified has answered the complaint, and moved to set aside the default. As such, denying Plaintiff's motion will not leave Plaintiff without recourse for recovery. To the contrary, Plaintiff will have every opportunity to prove his claims in court. Given the strong policy favoring decisions on the merits, the Court should deny Plaintiff's motion for a default judgment.

## II.   STATEMENT OF FACTS AND PROCEDURAL HISTORY

### A.   Plaintiff's Complaint Against Diversified

Plaintiff commenced this action against Diversified on March 19, 2014. (Doc. No. 1, Compl.) Plaintiff alleges violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA"), the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), Cal. Civ. Code §1788 *et seq.*, and the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA"). (*Id.*) Plaintiff's claims arise out of various telephone calls Diversified allegedly made to Plaintiff in an attempt to collect a debt owed or alleged to be owed by Plaintiff. (*Id.* at ¶¶ 16-24.) Plaintiff alleges that he never had "an obligation with DCI

KLINEDINST PC
5 HUTTON CENTRE DRIVE, SUITE 1000
SANTA ANA, CALIFORNIA  92707

KLINEDINST PC
5 HUTTON CENTRE DRIVE, SUITE 1000
SANTA ANA, CALIFORNIA 92707

1  [Diversified]." (*Id*. at ¶ 16.) Plaintiff also alleges that Diversified continued to call

2  him after he disputed the debt. (*Id*. at ¶ 19.) Plaintiff seeks damages from

3  Diversified based on these alleged communications.

**B.** **Activity Related to Plaintiff's DIRECTV Account and Plaintiff's Commencement of this Action**

6  On or about January 17, 2014, DIRECTV forwarded an account with a past

7  due balance that Plaintiff owed to DIRECTV to Diversified for collection. (Ex. A:

8  Declaration of Mavis Kohn-Pye ("Kohn-Pye Dec.") ¶ 5.) That same day,

9  Diversified mailed its initial collection notice to Plaintiff's residence in Moreno

10  Valley, California. (*Id*. at ¶ 6.) The notice identified the name of the creditor

11  (DIRECTV) and the amount due ($604.50), and included all disclosures required

12  under the FDCPA and RFDCPA. (*Id*.) Thereafter, Diversified attempted to

13  contact Plaintiff by telephone using one of the phone numbers (951-756-5480)

14  DIRECTV provided to Diversified at the time the account was placed for

15  collection. (*Id*. at ¶ 7.)

16  On February 10, 2014, Diversified received its first written correspondence

17  from Plaintiff, a copy of which is attached as Ex. E to Plaintiff's Complaint. (*Id*. at

18  ¶¶ 8-9.) Upon receipt of this letter, Diversified placed Plaintiff's file in a cease

19  communication status and closed the account. (*Id*. at ¶ 10.)

20  On or about February 21, 2014, Diversified received additional

21  correspondence from Plaintiff requesting, *inter alia*, that Diversified cease and

22  desist from further telephone contact and mail him written "validation" of the

23  underlying debt. (*Id*. at ¶ 11.) However, Plaintiff's account had already been

24  closed and marked for no further communication based on Plaintiff's earlier

25  request that Diversified cease from any further communications with him. (*Id*. at ¶

26  12.)

27  ///

28  ///

1  On or about March 11, 2014, Diversified received another letter from

2  Plaintiff regarding a *proposed* lawsuit against Diversified.  (*Id*. at ¶ 13.)  Out of an

3  abundance of caution, Plaintiff's account was placed in active litigation status,

4  notwithstanding the fact that no lawsuit had been filed or served.  (*Id*. at ¶ 14.)

5  Diversified's efforts to locate the lawsuit or confirm service of process, thereafter,

6  yielded no results.  (*Id*. at ¶ 15.)

7  A search of the docket on PACER on May 13, 2014 revealed that the Clerk

8  had entered a default against Diversified on April 28, 2014.  (Ex. B: Declaration of

9  Charity A. Olson, Esq. ("Olson Dec.") at ¶ 3.)  Although Plaintiff allegedly served

10 the complaint on Diversified's registered agent on March 26, 2014, Diversified's

11 review of the account at that time revealed that the matter had already been placed

12 in an active litigation status based on Plaintiff's previous communications.  (Ex. A:

13 Kohn-Pye Dec. at ¶¶ 20-21.)  Accordingly, Diversified did not code the later filing

14 as a "new" matter, which would have triggered Diversified's retention of local

15 counsel in the jurisdiction to timely respond as provided for in the applicable court

16 rules.  (*Id*. at ¶ 22.)

17 Diversified's national outside counsel tried to contact Plaintiff both by

18 telephone and e-mail on May 13, 2014, and sent another e-mail the following day

19 without success.  (Ex. B: Olson Dec. at ¶¶ 4-5.)  In the interim, Diversified retained

20 local California counsel to file an appearance and answer on behalf of Diversified,

21 which counsel accomplished in a matter of days.  (*Id*. at ¶ 7; Doc. Nos. 16-18.)

22 Diversified's subsequent efforts to reach Plaintiff to discuss Diversified's request

23 to set aside the default were unsuccessful.  (*Id*. at ¶¶ 8-9.)  On May 28, 2014,

24 Diversified's undersigned counsel made a final attempt to reach Plaintiff by phone.

25 Counsel spoke with Plaintiff on that day, but the parties were unable to reach a

26 resolution regarding the default entered by the Clerk.  As a result, Diversified was

27 forced to file a motion to set aside the default on May 29, 2014.  (Doc. No. 19.)  A

28 hearing on Diversified's motion is scheduled for July 10, 2014 at 10:00 a.m.

KLINEDINST PC
5 HUTTON CENTRE DRIVE, SUITE 1000
SANTA ANA, CALIFORNIA 92707

- 3 -

## III.   __ARGUMENT__

Federal Rule of Civil Procedure ("Rule") 55 governs the entry of default and the subsequent entry of default judgment. Fed. R. Civ. P. 55(a)-(b). The Ninth Circuit has stated that Rule 55 requires a "two-step process," consisting of: (1) seeking the clerk's entry of default, and (2) filing a motion for entry of default judgment. *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986) ("Eitel apparently fails to understand the two-step process required by Rule 55."); *Symantec Corp. v. Global Impact, Inc.*, 559 F.3d 922, 923 (9th Cir. 2009). In light of the requirement to obtain entry of default before seeking default judgment, courts routinely deny motions for default judgment where default has not been previously entered. *See, e.g., Marty v. Green*, 2011 WL 320303, at *3 (E.D. Cal. Jan. 28, 2011); *Norman v. Small*, 2010 WL 5173683, at *2 (S.D. Cal. Dec. 14, 2010) (denying plaintiff's motion for default judgment because "the clerk has not entered default"). Courts also deny motions for default judgment where a previously entered default has been set aside. *See, e.g., Hamilton v. US Bank, N.A.*, 2011 WL 3475442, at *2 (S.D. Cal. Aug. 8, 2011) (denying as moot motion for default judgment after court granted defendant's motion to set aside the previously entered default). As such, should the Court grant Diversified's pending motion to set aside the default, Plaintiff's motion for default judgment must be denied as moot.

Even if the Court elects to separately analyze Plaintiff's motion for default judgment, the factors it should consider weigh heavily in support of denying the motion. "A plaintiff does not receive default judgment as a matter of right; rather, a court has discretion as to whether it should be granted." *United States v. Boyce*, 148 F.Supp.2d 1069, 1093 (S.D. Cal. 2001). In exercising that discretion, the following factors are considered: "(1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action[,] (5) the possibility of a dispute concerning material facts[,] (6) whether the default was due to excusable neglect,

KLINEDINST PC
5 HUTTON CENTRE DRIVE, SUITE 1000
SANTA ANA, CALIFORNIA 92707

1    and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring

2    decisions on the merits." *Eitel*, 782 F.2d at 1471–72.  Consistent with this last

3    factor, "any doubts as to the propriety of a default are usually resolved against the

4    party seeking a default judgment." *VonGrabe v. Sprint PCS*, 312 F.Supp.2d 1313,

5    1318 (S.D.Cal.2004) (citing *Pena v. Seguros La Comercial, S.A.*, 770 F.2d 811,

6    814 (9th Cir.1985)).

### A.   Plaintiff Will Not Suffer Prejudice if the Court Denies His Motion

8    Plaintiff will not be prejudiced if the Court denies his motion for default

9    judgment.  A plaintiff suffers prejudice only if refusal to enter a default judgment

10   would leave the plaintiff "without other recourse for recovery."  *Philip Morris*

11   *USA, Inc. v. Castworld Products, Inc.*, 219 F.R.D. 494, 499 (C.D. Cal. 2003).  But

12   Diversified has answered Plaintiff's complaint.  It has also moved to set aside the

13   Clerk's entry of default.  Diversified is participating in this litigation.  For that

14   reason, Plaintiff will not be left without recourse for recovery if his motion is

15   denied.  To the contrary, Plaintiff will be given the opportunity to prove the merits

16   of his claims in court during the course of this action.  Other than a short delay, the

17   only conceivable harm that may result to Plaintiff is the denial of an early

18   "procedural" victory.  Such procedural short-cuts are disfavored by the law, and

19   for good reason.  Since Plaintiff will not suffer prejudice, the first *Eitel* factor

20   weighs in favor of denying Plaintiff's motion.

### B.   Diversified Has Meritorious Defenses to Plaintiff's Claims and His Complaint, and has Answered, Thereby Placing Material Facts in Dispute

24   Plaintiff argues that his complaint pleads viable claims against Diversified.

25   However, Diversified has meritorious defenses to Plaintiff's complaint and his

26   claims.  A defense is considered meritorious if "there is some possibility that the

27   ///

28   ///

KLINEDINST PC
5 HUTTON CENTRE DRIVE, SUITE 1000
SANTA ANA, CALIFORNIA  92707

- 5 -

outcome of the suit after a full trial will be contrary to the result achieved by the default." *Hawaii Carpenters' Trust Funds v. Stone*, 794 F.2d 508, 513 (9th Cir. 1986).

As set forth in the Kohn-Pye Dec., Diversified has numerous meritorious defenses to the TCPA, FDCPA, and RFDCPA claims raised by Plaintiff. (Ex. A: Kohn-Pye Dec., ¶¶ 23-27.) Although Plaintiff alleges that he does not owe an obligation to Diversified, Plaintiff does not deny that he was a DIRECTV subscriber, or that he owed money to DIRECTV for such service. DIRECTV did, in fact, forward an account with a past-due balance that Plaintiff owed to DIRECTV to Diversified for collection. (*Id*. at ¶ 5.) The account contained Plaintiff's address as well as the phone number (951-756-5480) that Plaintiff alleges Diversified called him on. (*Id*. at ¶¶ 5-7.) Plaintiff does not allege otherwise.

Notably, the TCPA explicitly exempts from liability autodialed calls to a cell phone "made with the prior express consent of the called party." 47 U.S.C. § 227(b)(1)(A). Assuming, *arguendo*, that Diversified utilized an "automatic telephone dialing system" to place the calls at issue – which Diversified denies – "prior express consent" to be contacted on a cell phone has been deemed granted in situations where a plaintiff has provided his or her cellular telephone number to a creditor during the transaction that resulted in the debt owed. *See* Declaratory Ruling in re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, FCC 07-232 (Dec. 28, 2007; released Jan. 4, 2008). Because the phone number at issue was provided by DIRECTV, Diversified can and will rely on Plaintiff's provision of his phone number to DIRECTV to establish prior express consent.

Further, Diversified honored Plaintiff's request to stop contacting him promptly upon receipt of the request. (Ex. A: Kohn-Pye Dec., ¶ 25.) The FDCPA requires debt collectors to cease and desist from further communications upon

1   receipt of a written request.  15 U.S.C. § 1692c(c).  The Kohn-Pye Dec. confirms

2   that Diversified placed no further calls to Plaintiff's cell phone number after his

3   written request was received.  (*Id*. at ¶¶ 10, 12, 25.)  In fact, Diversified closed

4   Plaintiff's account altogether.  Having ceased all communication and closed the

5   account, Diversified did not and could not run afoul of 15 U.S.C. § 1692g(b).

6   Nothing more was required of Diversified in this instance.

7         Plaintiff's remaining claims under the FDCPA and RFDCPA hinge on his

8   assertion that Diversified tried to collect a non-existent debt from him.  However,

9   as set forth above, the record reveals that DIRECTV forwarded the account at issue

10  to Diversified for collection.  Moreover, even if Plaintiff does not owe the debt to

11  Diversified's client, DIRECTV – which has not been alleged – Diversified cannot

12  be held liable for collecting a non-existent debt if it can establish that its allegedly

13  mistaken collection attempts were the result of an unintentional, bona-fide error

14  that occurred despite the maintenance of procedures reasonably adapted to avoid

15  such errors. 15 U.S.C. § 1692k(c).

16        Diversified has shown that it has numerous "meritorious" defenses to all of

17  Plaintiff's claims.  Diversified has also put the material facts in Plaintiff's

18  complaint in dispute by filing an answer denying those facts.  Accordingly, the

19  Court should deny Plaintiff's motion for a default judgment, and permit

20  Diversified to defend against Plaintiff's claims in this action.

21        **C.    The Sum of Money at Stake is Significant**

22        Pursuant to the fourth *Eitel* factor, "the court must consider the amount of

23  money at stake in relation to the seriousness of Defendant's conduct."  *Philip*

24  *Morris USA, Inc. v. Castworld Products, Inc.*, 219 F.R.D. 494, 500 (C.D. Cal.

25  2003).   Here, Plaintiff seeks to recover (on the high end) in excess of $30,000.00.

26  (Doc. No. 14, Pl. Opp. pp.19-20.)   The bulk of that relief (i.e., $29,000.00) is

27  based on Plaintiff's TCPA claims against Diversified.  (*Id*.)  However, Diversified

28  has shown that it had consent to dial Plaintiff's cell phone number because it

KLINEDINST PC
5 HUTTON CENTRE DRIVE, SUITE 1000
SANTA ANA, CALIFORNIA  92707

KLINEDINST PC
5 HUTTON CENTRE DRIVE, SUITE 1000
SANTA ANA, CALIFORNIA 92707

1  received the number from Plaintiff's creditor, DIRECTV.  (Ex. A: Kohn-Pye Dec.,

2  ¶¶ 5-7.)  Given that Diversified has a meritorious defense to most, if not all, of

3  Plaintiff's claims, the amount of money at stake in this action is undoubtedly

4  significant.  For that reason, this factor weighs in favor of denying Plaintiff's

5  motion for default judgment.

6  ### D.     The Default was Due to Excusable Neglect

7  The default in this case was due to excusable neglect, not culpable conduct.

8  A defendant's conduct is culpable "if [the defendant] has received actual or

9  constructive notice of the filing of the action and *intentionally* failed to answer."

10  *TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 697 (9th Cir. 2001)

11  (emphasis in original).  The term "intentionally" means that "a movant cannot be

12  treated as culpable simply for having made a conscious choice not to answer;

13  rather, to treat a failure to answer as culpable, the movant must have acted with bad

14  faith, such as an intention to take advantage of the opposing party, interfere with

15  judicial decision making, or otherwise manipulate the judicial process." *United*

16  *States v. Signed Pers. Check No. 730 of Yubran S. Mesle,* 615 F.3d 1085, 1092 (9th

17  Cir. 2010).  A "[n]eglectful failure to answer for which the defendant offers a

18  credible, good faith explanation … is not intentional." *TCI Group*, 244 F.3d at

19  697.  Typically, a defendant's conduct is culpable "where there is no explanation

20  of the default inconsistent with a devious, deliberate, willful, or bad-faith failure to

21  respond." *Id*. at 698.  Simple carelessness is not sufficient to treat a negligent

22  failure to reply as inexcusable. *Id*. at 697-98.

23  Plaintiff argues, in conclusory fashion, that Diversified's failure to appear

24  before default was entered was "deliberate" and resulted from "willful

25  disobedience." (Pl. Mot. p.13.)  But the Kohn-Pye Dec. confirms that

26  Diversified's failure to timely respond was the result of an honest mistake. (Ex. A:

27  Kohn-Pye Dec., ¶¶ 9-22.)  Upon review of Plaintiff's correspondence dated March

28  11, 2014, Diversified believed, and justifiably so, that Plaintiff had merely

- 8 -

KLINEDINST PC
5 HUTTON CENTRE DRIVE, SUITE 1000
SANTA ANA, CALIFORNIA  92707

1   threatened to file suit against Diversified.  (*Id*. at ¶ 13.)  Although Diversified had

2   already closed the account and ceased all communications with Plaintiff by that

3   time, Diversified took the extra step of placing the account in an "active" litigation

4   status despite the fact that no lawsuit had been filed or served.  (*Id*. at ¶ 14.)

5   Diversified took these steps out of an abundance of caution, but placing this matter

6   in an active litigation disposition ultimately had the opposite effect.  (*Id*. at ¶¶ 20-

7   22.)  Once the suit was actually filed and served weeks later, Diversified

8   mistakenly believed that local California counsel had already been retained to

9   respond to the complaint based on the fact that the account had been placed into

10  "active litigation" status.  (*Id*.)  Had the account not been marked in this fashion,

11  Diversified would have treated the suit as a "new" matter as opposed to a

12  "duplicate" filing, which would have caused Diversified to retain local California

13  counsel to file a timely response as it always does.  (*Id*.)

14        Suffice it to say, Diversified's mishandling of the complaint is excusable and

15  resulted from Diversified's good-faith, albeit premature, efforts to properly handle

16  and memorialize receipt of Plaintiff's "proposed" complaint in its account system.

17  Hindsight admittedly reveals that these steps actually created further confusion,

18  ultimately leading to entry of the default against Diversified.  Nevertheless,

19  Diversified's inadvertent mistake does not evidence a devious, deliberate, willful

20  or bad-faith failure to respond.  Nor does it evidence any attempt by Diversified to

21  thwart the judicial process.  Again, the circumstances reveal just the opposite;

22  Diversified placed the matter in active litigation too soon triggering the very

23  default that it was trying to avoid.

24        Significantly, Diversified took immediate remedial steps upon learning of

25  the action and entry of default on May 13, 2014.  Indeed, Diversified, through

26  counsel, made several attempts to reach Plaintiff that same day.  Diversified did so

27  despite the fact that as of May 13, 2014, the PACER docket reflected that Plaintiff

28  had not moved for default judgment by the May 12, 2014, filing deadline the Court

1   set in its April 28, 2014, order.  (Doc. No. 13.)  If Diversified was attempting to

2   take advantage of Plaintiff, interfere with judicial decision-making, or otherwise

3   manipulate the judicial process, it could have simply remained silent in the hopes

4   that the Court would dismiss the action due to Plaintiff's apparent failure to

5   prosecute or comply with a court order.

6   Diversified retained local California counsel to appear and file an answer as

7   promptly as possible.  (Doc. No. 16.)  Diversified also filed its motion to set aside

8   the Clerk's entry of default in an expeditious manner.  (Doc. No. 19.)  In fact,

9   Diversified was prepared to and would have filed its motion to set aside the default

10  sooner had its initial attempts to reach Plaintiff to discuss the motion in compliance

11  with L.R. 7-3 been successful.  Diversified's expeditiousness is a clear indication

12  that the default was the product of excusable neglect, not culpable conduct.  This

13  *Eitel* factor, therefore, weighs in favor of denying Plaintiff's motion for default

14  judgment.

15      **E.**      **There is a Strong Policy Favoring Decisions on the Merits**

16  There is a "strong policy underlying the Federal Rules of Civil Procedure

17  favoring decisions on the merits."  *Eitel*, 782 F.2d at 1472.  Indeed, the Ninth

18  Circuit has made clear that "default judgments are…disfavored" and "[c]ases

19  should be decided upon their merits whenever reasonably possible." *Id*.

20  Diversified has been actively involved in this litigation since learning of the

21  inadvertent default.  Diversified is poised to take whatever additional steps are

22  necessary to defend against Plaintiff's claims.  Accordingly, this *Eitel* factor

23  weighs decidedly in favor of denying Plaintiff's motion.

24  **IV.**   **CONCLUSION**

25  Diversified's delay in responding to the complaint was a result of excusable

26  neglect.  Diversified has meritorious defenses to all of Plaintiff's claims.  And

27  despite Plaintiff's arguments to the contrary, he will suffer no prejudice if the

28  Court refuses to enter a default judgment.  Diversified has attempted to confer in

KLINEDINST PC
5 HUTTON CENTRE DRIVE, SUITE 1000
SANTA ANA, CALIFORNIA 92707

- 10 -

good faith with Plaintiff regarding his claims, Diversified's pending request to set aside the default, and a potential resolution of this matter, without success. Diversified remains ready and willing to litigate this lawsuit, and has taken all necessary steps to appear and respond to the complaint. For these reasons and those discussed above, the Court should deny Plaintiff's motion for default judgment, and allow this case to be decided on the merits.

MOSS & BARNETT, P.A.

DATED: June 6. 2014          By:  /s/ Issa K. Moe
                                  ISSA K. MOE
                                  Attorneys for Defendant
                                  DIVERSIFIED CONSULTANTS,
                                  INC.

15927977v1

KLINEDINST PC
5 HUTTON CENTRE DRIVE, SUITE 1000
SANTA ANA, CALIFORNIA  92707